UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE FLORES, | 1:10-cv-00394-AWI-SMS |
| Plaintiff, | **FINDINGS AND RECOMMENDATION RE: DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE** |
| vs. | |
| CITY OF TULARE, et al., | (Doc. 17) |
| Defendants. | |

Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 14, 2011, plaintiff's counsel's motion to withdraw as counsel of record for plaintiff was granted. Plaintiff was granted to and through April 15, 2011, to advise the Court, in writing, of either her new counsel of record -OR- of her desire to proceed with this case In Propria Persona. To date, plaintiff has failed to comply with or otherwise respond to the Court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

1  In the instant case, the court finds that the public's
2 interest in expeditiously resolving this litigation and the
3 court's interest in managing the docket weigh in favor of
4 dismissal.  The third factor, risk of prejudice to defendants,
5 also weighs in favor of dismissal, since a presumption of injury
6 arises from the occurrence of unreasonable delay in prosecuting
7 an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir.
8 1976).  The fourth factor -- public policy favoring disposition
9 of cases on their merits -- is greatly outweighed by the factors
10 in favor of dismissal discussed herein.  Finally, a court's
11 warning to a party that failure to obey the court's order will
12 result in dismissal satisfies the "consideration of alternatives"
13 requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833
14 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The court's order of
15 March 14, 2011, expressly stated: "**Pro Se Plaintiff is herein**
16 **advised that failure to comply with the Local Rules, Federal**
17 **Rules, or a Court Order, including this Order, will be grounds**
18 **for dismissal of this action or other appropriate sanctions. See**
19 **Local Rule 110; Fed.R.Civ.P. 41(b).**"  Thus, plaintiff had
20 adequate warning that dismissal could result from non-compliance
21 with the court's order.
22      Accordingly, the court HEREBY RECOMMENDS that this action be
23 dismissed in its entirety based on plaintiff's failure to obey
24 the court's order of March 14, 2011, and failure to prosecute.
25      These Findings and Recommendation are submitted to the
26 United States District Judge assigned to the case, pursuant to
27 the provisions of Title 28 U.S.C. § 636(b)(l).  Within **ten (10)**
28 **days** after being served with these Findings and Recommendation,

3

plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 21, 2011**                         /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE