# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPHINE FLORES, | ) | 10-CV-00394-AWI-BAM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | ) | TO FILE SUPPLEMENTAL COMPLAINT |
| | ) | |
| CITY OF TULARE, ET AL., | ) | |
| | ) | (Document 28) |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Pending before the Court is Plaintiff Josephine Flores' ("Flores" or "Plaintiff") Motion to File Supplemental Complaint, filed on August 25, 2011. (Doc. 28.) Plaintiff seeks to allege new occurrences and events that have transpired subsequent to the filing of Plaintiff's March 8, 2010, original complaint. (Pl.'s Mot. Sup. Compl., 2: 22-25, Doc. 28.) On September 8, 2011, the City of Tulare and Tony Espinoza (collectively referred to as the "Defendants") filed an opposition to the Motion. (Doc. 29.)[1] Plaintiff filed a Reply on September 17, 2011. (Doc. 30.) The case was

---

[1] Defendants request that the Court take judicial notice of Exhibits A and B to its Opposition ("Defs.' RFJN") (Doc.29, Attach. 1). Exhibit A is the transcript of an August 23, 2010 arraignment hearing of Josephine Flores in the criminal case no. VCF234945C in the Superior Court of the State of California, County of Tulare. Exhibit B is the transcript of an October 4, 2010 arraignment hearing of Josephine Flores in criminal case No. VCF241009 in the Superior Court of the State of California, County of Tulare. Plaintiff has not opposed these requests.

1

reassigned to Magistrate Judge Barbara A. McAuliffe on October 17, 2011. (Doc. 33.) The Court examined the motion and determined that this matter was suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing scheduled for September 26, 2011, was vacated. Having considered the moving, opposition and reply papers, the Supplemental Complaint, as well as the Court's file, the motion is GRANTED.

## PROCEDURAL BACKGROUND

Plaintiff filed her initial Complaint on March 8, 2010. (Doc. 1.) Plaintiff's Complaint alleges federal civil rights violations and several common law tort claims against the Tulare Police Department and several of its officers. *Id.* Plaintiff's claims arise from a February 10, 2009 incident in which the Defendants used unreasonable and excessive force in executing a search of Plaintiff's home. (Pl.'s Compl., ¶¶ 7-10, Doc. 1.) On May 18, 2010, Defendants filed their Answer to the Complaint, denying all factual allegations and legal claims relating to the February 10, 2009 incident. (Doc. 7.) Due to a subsequent substitution of attorney for Plaintiff, the Court previously noted in a minute order that Plaintiff's new counsel would be permitted to "evaluate [the] case and file [a] motion to amend her complaint." (Doc. 25.)

In the proposed Supplemental Complaint, Plaintiff seeks to add an additional cause of action for retaliatory arrest, warrant execution and prosecution. (Pl.'s Sup. Compl., ¶¶ 47-64, Doc. 28, Attach. No. 1.) Plaintiff's Supplemental Complaint alleges that, in retaliating against Plaintiff for instituting the instant civil action, Defendants, without probable cause, instigated, influenced or otherwise caused the filing of criminal charges against Plaintiff. *Id.* at ¶¶ 51-53. Defendants oppose the inclusion of these new claims by, *inter alia,* arguing the legal futility in asserting these claims. (Defs.' Op., 5: 6-24; 6: 10 - 7: 20, Doc. 29.)

---

The Court may take judicial notice of any fact which is ". . . not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986) (Court may take judicial notice of official records and reports). As the transcripts of Flores' arraignment proceedings constitute official records that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, this Court can take judicial notice of them. As such, this Court GRANTS Defendant's request to take judicial notice of Exhibits A and B to Defendants' Opposition.

# DISCUSSION

### A.   Supplemental Pleading Standard

The filing of supplemental pleadings is governed by Federal Rule of Civil Procedure 15(d), which provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

The Ninth Circuit has entrusted application of this rule to the district court's broad discretion. *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir.1988) ("Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings.  The rule is a tool of judicial economy and convenience.  Its use is therefore favored."). As Judge Haynsworth observed almost a half-century ago:

> Rule 15(d) . . . is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*New Amsterdam Casualty Co. v. Waller,* 323 F.2d 20, 28–29 (4th Cir.1963), cert. denied, 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964); *Keith,* 858 F.2d at 473 ("....The clear weight of authority, however, in both the cases and the commentary, permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy....").

Bearing in mind that leave should be "freely given," *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), when considering whether to allow a supplemental complaint, the Court considers factors such as the relatedness of the original and supplemental complaints; whether allowing the supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant;

whether amendment would impose undue prejudice upon the opposing party and whether amendment would be futile. *San Luis & Delta–Mendota Water Authority v. United States Department of the Interior,* 236 F.R.D. 491, 497 (E.D.Cal.2006); (citing *Keith,* 858 F.2d at 473; *Foman,* 371 U.S. at 182 and *Planned Parenthood of S. Ariz. v. Neely,* 130 F.3d 400, 402-03 (9th Cir.1997)).

The supplementation would serve the interests of judicial economy. The proposed Supplemental Complaint is a discrete and logical extension of the original claims in this case. The causes alleged by Plaintiff in both the original and supplemental pleadings, at their core, challenge the conduct of the Tulare Police Department as violations of Plaintiff's civil rights. The gravamen of these new allegations are constitutional violations allegedly resulting from the initial February 10, 2009 incident. Allowing supplementation serves the interest of judicial economy by avoiding the consumption of administrative and judicial resources in creating a new case, randomly assigning it and initiating Rule 16 scheduling as if this were a new case. Indeed, to require these claims be brought as separate actions would be a disservice to judicial economy, which is properly served when "the entire controversy between the parties could be settled in one action . . ." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1506 (1990). Notably, Defendants do not claim that supplementation will result in any undue delay or cause prejudice to Defendants. Similarly, Defendants do not suggest the proposed amendment was made in bad faith. The issue, as argued by the Defendants, is whether the amendments would be futile.

**B.     Legal Futility of Supplemental Complaint**

Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F. 2d 829, 843 (9th Cir. 1991). A claim is considered futile and leave to amend shall not be given if there is no set of facts that can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In other words, a supplemental complaint may be deemed legally futile if it would fail to state a claim under

Federal Rule of Civil Procedure, Rule 12(b)(6). *Id.* However, denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D.Cal. 2003) (citing *Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial* at 8:422 (The Rutter Group, 2002)).

### 1. Plaintiff's Claim of Retaliatory Prosecution

Defendants argue that Plaintiff's claims of retaliatory prosecution against the Defendants are not based on a cognizable legal theory due to the concept of prosecutorial discretion. In essence, Defendants suggest that an individual or entity who is not the prosecutor - in this case, the City of Tulare Police Department and several of its police officers - can not be held liable for retaliatory prosecution because "the decision to file criminal charges rests <u>entirely within the prosecutorial discretion of the prosecutor.</u>" (Defs.' Op., 5: 14-15, Doc. 29) (Emphasis in original.)

While it is true that a prosecutor's independent judgment may break the chain of causation between the unconstitutional actions of other officials and the harm suffered by a constitutional tort plaintiff, *see, Hartman v. Moore,* 547 U.S. 250, 262-63, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006) (discussing the issue in the First Amendment context); *Smiddy v. Varney,* 665 F.2d 261, 266-68 ("*Smiddy I*") (9th Cir.1981) (discussing the issue in the Fourth Amendment context), it is equally clear that officers alleged to have influenced a prosecutor's judgment can, under certain circumstances, be held civilly liable for the underlying arrest or prosecution. *See,Hartman,* 547 U.S.at 262-63 (holding that, in the First Amendment context, the absence of probable cause coupled with a retaliatory motive will suspend the presumption of independence behind the charging decision); *Smiddy I,* 665 F.2d at 266-68 (describing a non-exhaustive list of circumstances where the presumption of a prosecutor's independent judgment will be deemed rebutted, e.g., when the prosecutor was pressured by police, given false information or the police "act[ed] maliciously or with reckless disregard for the rights of an arrested person,"); *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1067 (9th Cir. 2004) (presumption

of a prosecutor's independent judgment rebutted by a showing that officers "engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings"); *Beck v. City of Upland,* 527 F.3d 853 (9th Cir.2008) (holding that, in the Fourth Amendment context, where the prosecutor has instigated a prosecution, a plaintiff seeking to sue non-prosecutorial officials alleged to be responsible post-complaint for the arrest or prosecution may be able to do so by showing an absence of probable cause).

Here, Plaintiff's Supplemental Complaint alleges the following: "Plaintiff is informed and believes and thereon alleges that Defendants herein directly caused the filing of said criminal charges, which are false, against her *without probable cause*.") (Pl.'s Sup. Compl., ¶ 52, Doc. 28, Attach. No. 1.) (emphasis added); and  ". . . Defendants herein directly caused the filing of said criminal charges . . . for the specific purposes and goals [sic] of retaliating against and damaging and injuring Plaintiff for her having filed the instant civil rights case against Defendants . . ." *Id.* at ¶ 53.  These allegations, under the direction of *Hartman,* are not legally futile.

### 2. Plaintiff's Claim of Retaliatory Arrests

Defendants argue that Plaintiff can not state a claim for retaliatory arrest because, in essence, courts do not look to an official's subjective purpose in obtaining a warrant or affecting an arrest, but rather, avoid subjective intent inquiries so long as the arrest was conducted pursuant to a valid arrest warrant. (Defs.' Op., 6: 14-26; 7: 1-20, Doc. 29.)  In support of this proposition, Defendants rely almost exclusively on a recently decided United States Supreme Court case, *Ashcroft v. al-Kidd,* –––U.S. –––, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011).

In *Ashcroft*, al-kidd was arrested on a material-witness warrant issued by a federal magistrate judge under 18 U.S.C. 3144 in connection with a pending prosecution. *Id.* at 2079. al-kidd later filed a *Bivens* action alleging Fourth Amendment violations against former Attorney General Ashcroft, alleging that al-kidd's arrest resulted from a policy implemented by Ashcroft of using the material-witness statute as a "pretext" to investigate and preventatively detain terrorism suspects. *Id.*  The Supreme Court held that because al-Kidd conceded individualized suspicion supported the issuance of the material-witness arrest warrant, and because al-Kidd did

1  not assert his arrest would have been unconstitutional absent the alleged pretextual use of the
2  warrant, there was no Fourth Amendment violation. *Id.* at 2083.
3    Because *Ashcroft* dealt with a Fourth Amendment violation and not a First Amendment
4  violation, as is the case here, *Ashcroft* is sufficiently distinguished from the instant matter. The
5  Fourth Amendment protects against "unreasonable searches and seizures." *Scott v. United States,*
6  436 U.S. 128, 137, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978). When evaluating a Fourth
7  Amendment violation, we ask whether "the circumstances, viewed objectively, justify [the
8  challenged] action." *Id.* at 138. If so, that action was reasonable "whatever the subjective intent"
9  motivating the relevant officials. *Whren v. United States,* 517 U.S. 806, 814, 116 S.Ct. 1769, 135
10 L.Ed.2d 89 (1996). This approach recognizes that the Fourth Amendment regulates conduct
11 rather than thoughts. *Bond v. United States,* 529 U.S. 334, 338, n. 2, 120 S.Ct. 1462, 146
12 L.Ed.2d 365 (2000).
13    The First Amendment, on the other hand, prohibits government officials from subjecting
14 a citizen to adverse action in "retaliation for protected speech." *Crawford-El v. Britton,* 523 U.S.
15 574, 592 (1998). Thus, when an individual claims state action was taken with the *purpose* of
16 infringing their right to free speech, an inquiry into the state actor's subjective intent is
17 necessarily implicated. When evaluating a First Amendment claim based on a retaliatory arrest,
18 the probable cause inquiry does not serve to dispose of the issue altogether as in the Fourth
19 Amendment analysis, but rather, serves to evaluate the legal causation between the malicious
20 intent and the subsequent state action. *Hartman,* 547 U.S.at 265. Accordingly, an allegation and
21 determination of improper motive on the part of the state actor is both relevant and necessary to
22 the First Amendment violation analysis.[2]

---

[2] Plaintiff, in her Reply Brief, has expressed an intention to include a Fourth Amendment claim relating to the manner in which the arrest was executed. (Pl.'s Reply, 7: 3-7, Doc. 30.) While such a claim would not entail any inquiry into the officer's subjective motivations under the teachings of *Ashcroft* and its progeny, because Plaintiff has challenged both the reasonableness of the force used to affect the arrest, as well as the probable cause underlying the arrest itself, even if Plaintiff's claims were presently styled as Fourth Amendment violations, *Ashcroft* would not render Plaintiff's claims legally futile.

7

Here, Plaintiff has alleged the arrest and the underlying arrest warrant were executed without probable cause, and Plaintiff has further alleged these activities were carried out for retaliatory purposes (Pl.'s Sup. Compl., ¶¶ 52-3, Doc. 28, Attach. No. 1.) Under *Hartman,* Plaintiff's supplemental claim for retaliatory arrest is not legally futile.[3]

### C.    Request To Amend Proposed Supplemental Complaint

Plaintiff has acknowledged possible pleading deficiencies in the proposed Supplemental Complaint, and has requested the opportunity to revise her Supplemental Complaint in order to clarify her new claims.  (Pl.'s Reply, 3: 8-13; 8: 16-24, Doc. 30.)  Because leave to amend is to be freely given, and because the interests of judicial economy are served by avoiding a second motion to amend, as well as the possibility of successive motions to dismiss, this Court will grant Plaintiff's Motion to Supplement Complaint, and require that Plaintiff file an amended supplemental complaint within ten days of this Order.

/././

---

[3] Defendants present three additional arguments in opposing Plaintiff's Motion which the Court does not believe merits a lengthy discussion. First, Defendants' Opposition disputes the factual contentions in Plaintiff's Supplemental Complaint relating to the lack of probable cause for instituting criminal proceedings against her. (Defs.' Op. 7: 21 - 11: 5, Doc. 29.)  When evaluating whether a supplemental claim is legally futile, the court merely looks to whether a cognizable legal claim is arguably *stated.  See, Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Thus, the Court will not inquire into the veracity of Plaintiff's allegations at this time. Second, Defendants argue that the supplemental claims should not be permitted because the word "wrongfully" in the phrase "wrongfully instigate, influence, and directly cause the filing of the said criminal charges against her," Defs.' Op., 6: 1-9, Doc. 29,  is vague and ambiguous. Because of this word, Defendants claim an inability to divine what conduct was in fact wrongful.  This Court is satisfied that the context in which these statements were presented - i.e, under the heading of retaliatory conduct - sufficiently apprises Defendants of Plaintiff's claims that the "wrongful" conduct is the alleged "retaliatory" conduct. Lastly, Defendants argue in two instances that Plaintiff should not be permitted to supplement her complaint because Plaintiff's new claims are pled against all defendants when, in Defendant's opinion, such claims can only be pled against certain individual defendants. (Defs.' Op., 11: 3-16, Doc. 29.)  Because the Court is affording Plaintiff the opportunity to amend her Supplemental Complaint, the Court will not refuse supplementation on this basis.

**CONCLUSION**

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to File a Supplemental Complaint is GRANTED. Plaintiff shall file her Amended Supplemental Complaint within ten (10) days of the date of this Order.

IT IS SO ORDERED.

Dated:   October 31, 2011            /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE