# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE FLORES, | 1:10-cv-00394-AWI-BAM |
| Plaintiff, | **ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED** |
| v. | |
| CITY OF TULARE et al., | |
| Defendants. | |
| _____/ | |

## I. BACKGROUND

The Court refers the parties to previous orders for a complete chronology of the proceedings.

On June 5, 2013, plaintiff Josephine Flores ("Plaintiff") filed a notice of settlement. By order dated June 7, 2013, the Magistrate Judge entered an order instructing the parties to file appropriate papers to dismiss or conclude this action in its entirety no later than June 28, 2013. See Local Rule 160.

On June 27, 2013, Plaintiff filed a status report requesting additional time to finalize the settlement and to submit documents to the Court for case closure. By minute order dated July 1, 2013, the Court granted the parties an additional sixty days to finalize the settlement.

1

On September 5, 2013, the parties filed a joint stipulation requesting additional time to consummate the settlement. By order dated September 5, 2013, the Court extended the time to consummate the settlement to October 15, 2013.

On November 1, 2013, the parties filed a joint stipulation for order further extending the time to consummate the settlement. By order dated November 1, 2013, pursuant to the parties' stipulation, the Court granted a final extension to consummate the settlement. See Doc. 62. The Court made clear that the extension was limited to thirty days from the issuance of that order. Within that time the parties were ordered to reach a settlement and file the appropriate papers to dismiss or conclude the action. The Court further explained that "[i]f the parties fail[ed] to comply with [the] order, the Court [would] … issue an order to show cause why the parties should not be jointly sanctioned for failure to consummate the settlement agreement."[1] Doc. 62.

The order was docketed on November 4, 2013. Even giving the parties thirty (30) days from that date, the parties were required to file the appropriate papers by December 4, 2013. The parties failed to do so.

**II. DISCUSSION**

The Plaintiff has: (1) failed to prosecute this action as required by Federal Rule of Civil Procedure 41(b), (2) failed to comply with this Court's order dated November 1, 2013, and (3) failed to file dispositional documents as required under Local Rule 160(b).

The Defendants have failed to comply with this Court's order dated November 1, 2013.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b). Although the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances." Hells Canyon Preservation Council v. United States

---

[1] The Court also indicated that a failure to consummate the settlement would result in the court vacating "the notice of settlement, restor[ing] the case to its active trial docket, and refer[ring] the case to the Magistrate Judge for a trial-setting conference." Doc. 62. Upon further consideration, this court has decided that the more appropriate sanction for Plaintiff's failure to prosecute, failure to file dispositional documents, as required by Local Rule 160(b), and the parties failure to comply with this Court's order, is dismissal of the action.

1   Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Maples, 333 F.3d 1199, 1204
2   n.3 (10th Cir. 2003)).
3          Local Rule 110, corresponding with Fed.R.Civ.P. 11, provides that "a failure of counsel
4   or of a party to comply with these Local Rules or with any order of the Court may be grounds for
5   the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."
6   Local Rule 160(b), in relevant part, provides, "A failure to file dispositional papers on the date
7   prescribed by the Court may be grounds for sanctions." "District courts have the inherent power
8   to control their dockets and in the exercise of that power they may impose sanctions including,
9   where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th
10  Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing
11  Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).
12         A court may dismiss an action with prejudice based on a party's failure to prosecute an
13  action or failure to obey a court order.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
14  1995)(dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th Cir.
15  1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to
16  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal
17  for lack of prosecution and failure to comply with Local Rules). In determining whether to
18  dismiss an action for lack of prosecution or failure to obey a court order the court must consider
19  several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the
20  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
21  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
22  alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at
23  841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424;
24  Thompson, 782 F.2d at 831.
25         In the case at hand, the public's interest is in resolving this litigation. See Yourish v.
26  California Amplifier, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious
27  resolution of litigation always favors dismissal"). Similarly, the Court's has an interest in
28

managing its docket, given that the Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry some of the heaviest caseloads in the nation. Because Plaintiff has shown no interest in prosecuting her claims, failed to file dispositional documents, and failed to comply with the Courts orders, the Court's interest in managing its docket weighs in favor of dismissal. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). In addition, the risk of prejudice to the defendants weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.1976).

This Court has three times previously extended time for filing of the dispositional documents. The parties have failed to do so. Further, the Court warned the parties that no further extension would be granted and their failure to consummate the settlement agreement could result in sanctions. See Doc. 62. The Court's warning satisfies the requirement that the Court consider less drastic measures. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d 1421, 1424 (9th Cir. 1986).

### III. ORDER

Accordingly, Plaintiff is hereby ORDERED to SHOW CAUSE in writing by December 19, 2013 by 10:00 a.m., why this action should not be dismissed due to the parties' failure to comply with this Court's order dated November 1, 2013, Plaintiff's failure to prosecute, and Plaintiff's failure to comply with Local Rules.

IT IS SO ORDERED.

Dated:   December 13, 2013                    _____
                                                               SENIOR DISTRICT JUDGE